MEMO ENDORSED
PAGE 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case # 25-cv-04139-JHR

ASMIR PJETROVIC,

Plaintiff

-against –

PINNACLE GROUP N.Y. LLC, 3647 REALTY CO LLC, 3657 REALTY CO LLC, JOEL WEINER, and HARRY HIRSCH,

Defendants

NOTICE OF MOTION FOR ENTRY OF A DEFAULT JUDGMENT

**PLEASE TAKE NOTICE** that the undersigned attorney for Plaintiff Asmir Petrovic ("Plaintiff") shall move before the United States District Court for the Southern District of New York, at 40 Foley Square, Courtroom 1305, New York, New York 10007, before the Honorable Jennifer H. Rearden, U.S.D.J., for an Order granting Plaintiff's Motion for a Default Judgment against Defendants Pinnacle Group N.Y. LLC, 3647 Realty Co LLC, and 3657 Realty Co LLC (the "Motion") on a date and time to be provided by the Court.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff's Motion is supported by the Affidavit of Asmir Pjetrovic, the Affirmation of Hartley T. Bernstein, Esq., the Exhibits thereto, Plaintiff's Memorandum of Law, the prior pleadings and proceedings herein, and the Clerk's Certificate of Default.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Court's Individual Rules for Civil Proceedings a proposed form of Order granting the relief requested herein is submitted herewith.

Dated: September 24, 2026
New York, New York

BERNSTEIN CHERNEY LLP

By: Hartley T. Bernstein
Hartley T. Bernstein, Esq.
955 Park Avenue, Fifth Floor West
New York, N.Y. 10028
Tel: (212) 381-9684
hbernstein@bernsteincherney.com

Attorneys for Plaintiff

To:

Pinnacle Group NY LLC, One Penn Plaza, New York, N.Y.

3647 Realty Co LLC , 2 Grand Central Tower - 140 E 45 Street , 12 Floor , New York, NY
3675 Realty Co LLC, 2 Grand Central Tower - 140 E 45 Street , 12 Floor , New York, NY
Joel Weiner, One Penn Plaza, New York, N.Y.

Harry Hirsch, One Penn Plaza, New York, N.Y.

"As a general rule, . . . when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Bleecker v. Zetian Sys., Inc.*, No. 12 Civ. 2151 (DLC) (SN), 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citation modified); *see Aponte v. Clinton St. Pizza Inc.*, No. 20 Civ. 2037 (KMW), 2022 WL 1154369, at *6 (S.D.N.Y. Apr. 19, 2022) (similar). "[C]ourts have applied [this rule even] where," as here, "the plaintiff alleges that the defendants are jointly and severally liable." *Bleecker*, 2013 WL 5951162, at *6; *see also* ECF No. 25 ¶ 3; ECF No. 27 at 3. In this case, the docket does not reflect that service was effected on Defendants Joel Weiner and Harry Hirsch. Indeed, Plaintiff states that he "has been unable to serve" those Defendants. ECF No. 25 ¶ 3.

Pursuant to Federal Rule of Civil Procedure 4(c), a "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) requires that service be effected "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). The complaint in this action was filed on May 16, 2025. Failing voluntary dismissal of the non-defaulting Defendants Weiner and Hirsch, Plaintiff shall file a letter by **November 5, 2026** showing good cause why the Court should not dismiss those Defendants pursuant to Rule 4(m). If Plaintiff does not file such a letter by **November 5, 2026**, the Court may dismiss those Defendants. Plaintiff is further directed to (1) notify Defendants' attorneys in this action by serving upon each of them a copy of this Order, and (2) file proof of such service within **one week of the date of this Order**. If unaware of the identity of counsel for Defendants, counsel must forthwith send a copy of the Order to those parties personally.

SO ORDERED.
Jennifer H. Rearden
Jennifer H. Rearden, U.S.D.J.
Dated: October 26, 2026