UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASMIR PJETROVIC,

Plaintiff,

-v.-

PINNACLE GROUP NY LLC, et al.,

Defendants.

25 Civ. 4139 (JHR)

DEFAULT JUDGMENT

JENNIFER H. REARDEN, District Judge:

Plaintiff Asmir Pjetrovic filed the Complaint in this action, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., and the N.Y. Labor Law, §§ 190 *et seq*. and 650 *et seq*., on May 16, 2025. ECF No. 1. Plaintiff served Defendants 3657 Realty Co LLC and 3647 Realty Co LLC with process on June 9, 2025, ECF Nos. 14-15, and Defendant Pinnacle Group NY LLC with process on August 29, 2025, ECF No. 13. Those Defendants' answers were therefore due on June 30, 2025, and September 19, 2025, respectively. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."). According to Plaintiff, he was "unable to serve Defendants Harry Hirsch and Joel Weiner." ECF No. 25 ¶ 3. No Defendant has responded to the Complaint or otherwise appeared.

Upon Plaintiff's application, ECF No. 16, on November 17, 2025, the Clerk of Court issued certificates of default as to Defendants 3657 Realty Co LLC, 3647 Realty Co LLC, and Pinnacle Group NY LLC, ECF No. 18. On January 2, 2026, Plaintiff moved for a default judgment against Defendants 3657 Realty Co LLC, 3647 Realty Co LLC, and Pinnacle Group NY LLC, ECF No. 20, and filed an affirmation and a proposed default judgment in support, ECF Nos. 19, 21.

On September 14, 2026, this Court denied Plaintiff's motion for a default judgment without prejudice to renewal because he "did not file the [] memorandum of law or [the] affidavit of service of the motion for a default judgment" required by this Court's Individual Rules and Practices in Civil Cases. ECF No. 23. The Court directed Plaintiff to "file a corrected motion for a default judgment, including the memorandum of law, proof of service, and other supporting documents, by September 28, 2026." *Id.*

On September 25, 2026, Plaintiff filed a renewed motion for a default judgment against Defendants 3657 Realty Co LLC, 3647 Realty Co LLC, and Pinnacle Group NY LLC. ECF No. 24. The renewed motion papers complied with this Court's Individual Rules and Practices in Civil Cases. In support of the motion, Plaintiff filed an affirmation from counsel, his own affidavit, a memorandum of law, and a proposed default judgment. ECF Nos. 25-27, 29. Plaintiff also filed an affidavit from counsel confirming that he had "served a true copy of the Notice of Motion for Default Judgment and accompanying documents . . . within the Action on defendants by depositing a true copy thereof, in post-paid wrapper . . . in the exclusive care and custody of the U.S. Post Office within the State of New York to the last known addresses" of Defendants. ECF No. 28. Plaintiff's counsel's affirmation stated that Plaintiff "does not seek judgment against [Defendants] Harry Hirsch and Joel Weiner" and that, "[s]ince the parties are jointly and severally liable for the damages suffered by Plaintiff, judgment may be entered with respect to the other defendants at this time." ECF No. 25 ¶ 3. Defendants have not filed any opposition to the motion.

On October 26, 2026, the Court issued an Order regarding Defendants Hirsch and Weiner. ECF No. 30. The Order explained that, "[a]s a general rule, . . . when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all

defendants have defaulted." *Id.* at 3 (quoting *Bleecker v. Zetian Sys., Inc.*, No. 12 Civ. 2151 (DLC) (SN), 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citation modified)). Courts apply this rule even when "the plaintiff alleges that the defendants are jointly and severally liable." *Id.* The Order further noted that, "[i]n this case, the docket does not reflect that service was effected on Defendants Joel Weiner and Harry Hirsch. . . . Pursuant to Federal Rule of Civil Procedure 4(c), a 'plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m).' Rule 4(m) requires that service be effected 'within 90 days after the complaint is filed.' The complaint in this action was filed on May 16, 2025." *Id.* (quoting Fed. R. Civ. P. 4(c)(1), 4(m)). Accordingly, the Court directed Plaintiff, "[f]ailing voluntary dismissal of the non-defaulting Defendants Weiner and Hirsch," to "file a letter by November 5, 2026 showing good cause why the Court should not dismiss those Defendants pursuant to [Federal Rule of Civil Procedure] 4(m)." *Id.* On November 2, 2026, pursuant to Rule 41(a)(1)(A)(i), Plaintiff filed a notice of voluntary dismissal of Defendants Hirsch and Weiner from this action. ECF No. 32. On November 4, 2026, the Court entered Plaintiff's notice of voluntary dismissal of Defendants Hirsch and Weiner. ECF No. 33.

The Court has reviewed Plaintiff's motion for a default judgment and supporting submissions. ECF Nos. 24-29. Because proof of service has been filed; Defendants have failed to respond to the Complaint; the time for doing so has expired; and Defendants have failed to appear to contest the entry of a default judgment, the Court hereby enters a default judgment for Plaintiff against Defendants 3657 Realty Co LLC, 3647 Realty Co LLC, and Pinnacle Group NY LLC, with any declaratory, injunctive, or compensatory relief, as well as any costs, interest, or attorneys' fees, to be determined at an inquest. *See Yung Xu v. Kealoha Sushi Inc.*, No. 19 Civ. 11885 (PAE), 2021 WL 1753749, at *1 (S.D.N.Y. May 4, 2021) (granting default judgment).

By separate Order, the Court will refer this case to Magistrate Judge Ona T. Wang for an

inquest. By **November 12, 2026**, Plaintiff shall serve this Order upon all Defendants and file an affidavit reflecting such service.

The Clerk of Court is directed to terminate ECF No. 24.

SO ORDERED.

Dated: November 9, 2026
New York, New York

Jennifer H. Rearden

JENNIFER H. REARDEN
United States District Judge